UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| MARK WHITEHEAD, | Plaintiff, |
| v. | Civil Action No. 3:20-cv-736-DJH-RSE |
| GARDA CL CENTRAL, INC., | Defendant. |

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Mark Whitehead and Defendant Garda CL Central, Inc. have jointly moved for court approval of their settlement agreement under the Fair Labor Standards Act (FLSA). (Docket No. 26) They also jointly seek leave to file their proposed FLSA settlement agreement under seal. (D.N. 27) For the reasons explained below, the Court will deny without prejudice the joint motion to seal and defer ruling on the joint motion for approval of the parties' proposed FLSA settlement.

**I.**

This case was filed on November 3, 2020. (Docket No. 1) In his complaint, Plaintiff Mark Whitehead alleged that his former employer, Defendant Garda CL Central, Inc., failed to pay him all of the overtime wages to which he was entitled under the FLSA and Kentucky wage laws. (*Id.*, PageID # 5–7, 10) Following several months of discovery, Whitehead filed a notice of settlement on July 19, 2021, notifying the Court that the parties had agreed to a settlement. (D.N. 24) The Notice stated that "[o]nce the terms of the [parties'] settlement have been fully complied with, the Parties will enter a Stipulation of Dismissal." (*Id.*) The Court therefore issued an order dismissing this case without prejudice and directing the parties to tender an agreed order of dismissal with prejudice within thirty days. (D.N. 25)

On August 19, 2021, however, the parties filed a joint motion asking the Court to approve their settlement of FLSA claims and to dismiss this case with prejudice. (D.N. 26). The parties also filed a joint motion requesting that the Court seal their settlement agreement (D.N. 27), though they did not file a copy of that agreement until September 3, 2021. (D.N. 28)

## II.

An agreement settling FLSA claims requires court approval. *See Steele v. Staffmark Invs., LLC*, 172 F. Supp. 3d 1024, 1026, 1030 (W.D. Tenn. 2016). This requirement applies equally to FLSA settlements that, like the one here, "involve individual (as opposed to collective) claims." *Chime v. Family Life Counseling & Psychiatric Servs.*, No. 1:19-cv-2513, 2020 WL 6746511, at *3 (N.D. Ohio Nov. 17, 2020); *see also Camp v. Marquee Constr., Inc.*, No. 2:18-cv-831, 2020 WL 59517, at *1 (S.D. Ohio Jan. 6, 2020) ("FLSA cases require court approval, even where only one litigant's rights are implicated.").

Moreover, "[t]he courts have long recognized . . . a 'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). And an FLSA settlement agreement that is submitted to a court for approval is "indisputably" the sort of judicial record that is "subject to the presumption of [public] access." *Snook v. Valley OB-GYN Clinic, P.C.*, No. 14-cv-12302, 2014 WL 7369904, at *2 (E.D. Mich. Dec. 29, 2014) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 337 (S.D.N.Y. 2012)). The "burden of overcoming" this presumption of public access is "borne by the party that seeks to seal" court records, and this burden is a "heavy one." *Shane Grp., Inc.*, 825 F.3d at 305. "Only the most compelling reasons can justify non-disclosure of judicial records." *Id.* (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). And even when a party provides

2

a compelling reason for sealing certain documents, that party must still "demonstrate—on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal." *Id.* at 308.

The burden borne by a party seeking to seal an FLSA settlement agreement is "heightened further . . . due to the strong public interest in the enforcement of the FLSA." *David v. Kohler Co.*, No. 1:15-cv-1263, 2019 WL 6719840, at *4 (W.D. Tenn. Dec. 10, 2019). Indeed, several courts within the Sixth Circuit have held that a "confidentiality provision in an FLSA settlement agreement . . . contravenes the legislative purpose of the FLSA" and have accordingly declined to allow such agreements to be filed under seal. *See Chime*, 2020 WL 6746511, at *2, *4 (quoting *Steele*, 172 F. Supp. 3d at 1031) (declining to approve an FLSA settlement agreement with a confidentiality provision and collecting cases reaching the same decision). Given the "heightened public interest in FLSA settlements," *David*, 2019 WL 6719840, at *4, and the already-strong presumption in favor of public access to court records, *Shane Grp., Inc.*, 825 F.3d at 305, "sealing a[n] FLSA settlement rarely, if ever, will be shown to outweigh the public right to access of judicial documents." *Smolinski v. Ruben & Michelle Enters. Inc.*, No. 16-cv-13612, 2017 WL 835592, at *3 (E.D. Mich. Mar. 3, 2017).

Here, the parties offer four arguments in support of their joint motion to file their FLSA settlement agreement under seal. (D.N. 27) As explained below, none of these arguments are compelling enough to warrant sealing the settlement agreement from public view at this stage. *See Shane Grp., Inc.*, 825 F.3d at 305.

First, the parties insist that "[t]he confidentiality provisions of the Settlement Agreement is [sic] a material term of the agreement" and that "[t]he loss of the bargained-for confidentiality of the agreement shall cause Defendant to lose a significant portion of the benefit of its bargain,

3

and also potentially harm Plaintiff." (D.N. 27, PageID # 78) But "courts have 'roundly rejected' the argument that confidentiality provisions in [FLSA] settlement agreements are a sufficient interest to overcome the presumption of public access." *Snook*, 2014 WL 7369904, at *3 (quoting *Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 648 (S.D.N.Y. 2011)). Nor does the parties' "reliance" on the anticipated confidentiality of their settlement agreement "outweigh the interests in favor of permitting public inspection." *Johnson v. Corr. Corp. of Am.*, No. 3:12-cv-246, 2014 WL 3970115, at *3 (W.D. Ky. Aug. 13, 2014).

Second, the parties claim that "[r]equiring public disclosure of the Settlement Agreement reached in this case will make it less likely that the Defendant and others similarly situated will in the future be willing to enter into comprehensive settlement agreements where one of the claims involved is an FLSA claim." (D.N. 27, PageID # 78) Yet courts in this Circuit have likewise "reject[ed] the . . . suggestion that refusing to enforce confidentiality provisions in FLSA settlements would operate as a disincentive to settlement." *Chime*, 2020 WL 6746511, at *5; *see also Thompson v. Deviney Constr. Co.*, No. 2:16-cv-3019, 2017 WL 10662030, at *3 (W.D. Tenn. Dec. 15, 2017) ("Even in the absence of confidentiality provisions, there is ample incentive within the FLSA for parties to settle."). Any "fear of copycat lawsuits or embarrassing inquiries" motivating a desire to keep an FLSA settlement confidential simply "do[es] not suffice to defeat the presumption of public access." *Lee v. Asurian Ins. Servs., Inc.*, 206 F. Supp. 3d 1307, 1309 (M.D. Tenn. 2016) (internal alterations omitted)

Third, the parties assert that "[t]here is no public interest to be served by requiring the publication of the details of the Settlement Agreement between these parties who desire confidentiality simply because one of the claims covered are [sic] disputed FLSA claims." (D.N. 27, PageID # 78) To the contrary, "[c]ourts in this circuit have observed that 'the public has a

4

keen interest in the outcome of FLSA litigation.'" *Camp*, 2020 WL 59517, at *2 (quoting *Stanley v. Turner Oil & Gas Props., Inc.*, No. 2:16-cv-386, 2017 WL 5068444, at *1 (S.D. Ohio July 24, 2017)); *see also Chime*, 2020 WL 6746511, at *5 (deeming an identical argument about the public having no interest in the terms of an FLSA settlement to be "without merit"). And this is true "regardless of the number of plaintiffs in the case." *Camp*, 2020 WL 59517, at *2.

Finally, the parties contend that "[i]n the absence of an order sealing the Settlement Agreement, there is no other alternative means for presenting the agreement to the Court for review and approval, so that the Court can properly dismiss the action as settled." (D.N. 27, PageID # 78) The parties can always submit their FLSA settlement agreement to the Court unsealed, however. *See, e.g.*, *Steele*, 172 F. Supp. 3d at 1030–31 (refusing to approve an FLSA settlement agreement "where the terms of the settlement are not available to the public"); *Snook*, 2014 WL 7369904, at *3 (directing parties seeking court approval of an FLSA settlement agreement with a confidentiality provision to file their proposed agreement on the public docket).

### III.

The parties at this point have fallen far short of "show[ing] a compelling reason why" their FLSA settlement agreement "should be sealed." *Shane Grp., Inc.*, 825 F.3d at 305. The Court therefore concludes that before it considers the motion for approval of the parties' FLSA settlement agreement, supplemental briefing is necessary on the issue of whether that agreement may properly be sealed in the record. Accordingly, it is hereby

**ORDERED** as follows:

(1) This case is **REOPENED**, and the Clerk of Court shall **RESTORE** this case to the active docket.

(2) The joint motion to seal (D.N. 27) is **DENIED** without prejudice.

(3) Within **twenty-one (21) days** of entry of this Order, the parties shall file simultaneous supplemental briefs addressing whether the Settlement, Release, and Non-Disclosure Agreement (D.N. 28) filed under seal in this case meets the standards set forth in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016), and other authorities addressing the propriety of sealing from public view FLSA settlements in particular.

September 20, 2021

David J. Hale, Judge
United States District Court